**96–425.** Harbert v. Harbert. *Greene County*, No. 95CA41. On review of order certifying a conflict. The court determines that a conflict exists. The parties are to brief the issue found at pages 2–3 of the court of appeals' Decision and Entry dated January 31, 1996:

"Harbert asserts, and we agree, that our decision is in conflict with the decision of the Third District Court of Appeals in *Wolding v. Wolding* (1992), 82 Ohio App.3d 235 [611 N.E.2d 860].

"The issue presented is whether a trial court may retain jurisdiction to modify spousal support even though it orders no spousal support at the time of the divorce, especially where there is some uncertainty as to the parties' incomes. *Wolding* held that a trial court is not authorized to retain jurisdiction over the issue of spousal support when it has made a specific finding that no alimony was warranted at the time of the divorce.

"We have held that allowing the trial court to retain jurisdiction without ordering current spousal support is consistent with the purposes of R.C. 3105.18(E), which provides for the modification of spousal support orders where a change of circumstances has been demonstrated. We are also of the view that a contrary holding would have the undesirable effect of encouraging trial courts to award

nominal spousal support, thereby unnecessarily invoking the administrative processes associated with the collection of spousal support, simply for the purpose of retaining jurisdiction.

"Having found that a conflict exists, we certify the following question to the Supreme Court of Ohio for review and final determination:

"May a trial court retain jurisdiction over the issue of spousal support if it does not order spousal support at the time of the divorce?"

## DISCRETIONARY APPEALS ALLOWED