APT, Appellee,

v.

APT, Appellant.

[Cite as *Apt v. Apt,* 192 Ohio App.3d 102, 2011-Ohio-380.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 24111.

Decided Jan. 28, 2011.

David M. Pixley and L. Anthony Lush, for appellee.

Dennis M. Hanaghan, for appellant.

---

GRADY, Presiding Judge.

{¶ 1} Carol F. Apt and Scott Darrel Apt were divorced on June 14, 1994. Scott[1] was ordered to pay Carol $1,500 per month as spousal support. He was also ordered to maintain a policy of insurance on his life in the amount of $100,000, payable to Carol. The decree provided that "said spousal support payment shall be subject to further jurisdiction of the Court and shall further be deductible by (Scott) and taxable to (Carol) for income tax purposes." The foregoing provisions were in a separation agreement of the parties that was incorporated in the decree.

{¶ 2} On July 29, 2004, by agreement of the parties, the court terminated Scott's obligation to pay periodic spousal support, and instead ordered him to pay support in one lump-sum payment of $50,000. The court also reduced Scott's obligation to maintain life insurance coverage from $100,000 to $50,000. The court further ordered: "The continuing jurisdiction of this court over the spousal support issue is vacated."

{¶ 3} In motions filed in 2009, Carol asked that Scott be held in contempt for failure to maintain a policy of life insurance for her benefit, and Scott asked to be relieved of that obligation. Scott claimed changed circumstances regarding his financial inability to pay the required premiums.

---

1. For clarity and convenience, the parties are identified by their first names.

{¶ 4} The motions were referred to a magistrate, who found that the court lacks jurisdiction to modify Scott's duty to maintain life insurance because the court had vacated its reservation of jurisdiction over the matter of spousal support in 2004. Scott filed objections, suggesting that his obligation to maintain life insurance was an element of property division ordered in the decree.

{¶ 5} The domestic relations court overruled Scott's objection. The court found that the terms of the 1994 decree and the 2004 modification "clearly and unambiguously reflect that the parties agreed to terms and conditions pertaining to the award of spousal support and securing (Scott's) spousal support obligation by means of a life insurance policy." The court further found that the 2004 modification "vacated the court's continuing jurisdiction and incorporated a reduced life insurance benefit with a lump sum spousal support award. The court finds that termination of the support obligation and revocation of any continuing jurisdiction on that matter prohibits this court from exercising any modification of spousal support."

{¶ 6} Scott filed a notice of appeal and presents three assignments of error for our review:

FIRST ASSIGNMENT OF ERROR

{¶ 7} "The trial court maintained continuing jurisdiction by modifying a property settlement in the form of a life insurance policy."

{¶ 8} For some reason, not fathomable to us, Scott argues that his obligation to maintain a policy of life insurance is an element of the division of property ordered in the decree. In that event, the obligation could never be modified. R.C. 3105.171(I). Scott argues that his obligation to maintain a policy of life insurance is nevertheless subject to modification because it was modified by the court in 2004, by agreement of the parties. The domestic relations court held that it lacks jurisdiction to modify Scott's obligation, which the court found is instead a spousal-support obligation, because the court in 2004 had vacated its prior reservation of jurisdiction in the 1994 decree to modify spousal support, which was likewise done by agreement of the parties.

{¶ 9} Courts have the inherent power to construe the terms of their judgments and decrees. The domestic relations court construed the terms of its 1994 decree of divorce to find that the obligation it imposed on Scott to maintain a policy of life insurance is an element of the spousal-support obligation that the decree imposed. Notwithstanding the awkward placement of the life-insurance provision in the decree, we believe that finding is correct, because the continuing nature of the life-insurance obligation is consistent with the requirement that the decree imposed on Scott to make periodic payments of spousal support, and not with the division of property the decree also ordered.

{¶ 10} The further issue is whether the court was correct in finding that the 2004 modification of its spousal-support order deprives the court of jurisdiction to modify Scott's obligation to maintain a life-insurance policy.

{¶ 11} The jurisdiction of the courts of common pleas and their divisions is determined by statute. Section 4(B), Article IV, Ohio Constitution. R.C. 3105.18(E)(1) provides that if a continuing order for periodic payments of money as spousal support is entered in an action for divorce or dissolution on or after January 1, 1991, "the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the * * * terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and * * * the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support."

{¶ 12} "An award of spousal support may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, from future income or otherwise, as the court considers equitable." R.C. 3105.18(B). When spousal support is ordered in the form of future periodic payments, the "continuing jurisdiction" provisions of R.C. 3105.18(E)(1) may apply to allow a modification of the periodic payments of spousal support ordered. The modification allowed may apply to the terms of any obligation in futuro that the court imposes regarding spousal support, whether as periodic payments or in a different form. The modification may increase, decrease, or terminate the spousal-support obligation previously ordered.

{¶ 13} "Courts derive their jurisdiction from constitutional provisions, or from laws enacted by the legislature acting within its constitutional authority, and can exercise only the jurisdiction that is so granted to them." 22 Ohio Jurisprudence 3d (1980) Courts and Judges, Section 243. Subject-matter jurisdiction is always fixed by law and may not be conferred upon the court by agreement of the parties. *State ex rel. Lawrence Dev. Co. v. Weir* (1983), 11 Ohio App.3d 96, 11 OBR 148, 463 N.E.2d 398.

{¶ 14} R.C. 3105.18(E)(2) does not operate to allow the court to create its jurisdiction. That section functions instead to prevent a loss of jurisdiction that would otherwise result with journalization of the final judgment and decree of divorce. While the court's stated "reservation" is necessary for that outcome to occur, the jurisdiction preserved is the product of R.C. 3105.18(E)(2), which represents an exercise of the power conferred on the General Assembly by Section 4(B), Article IV, to determine the jurisdiction of the court of common pleas and its divisions. Just as it cannot create its own jurisdiction, a court

cannot "vacate" the continuing jurisdiction that R.C. 3105.18(E)(2) confers. Neither can that power be conferred on the court by agreement of the parties.

{¶ 15} The court's reservation of jurisdiction is a form of relief awarded in a final judgment. R.C. 3105.18(E)(2) authorizes the court to exercise the jurisdiction it reserved by modifying a spousal-support award. However, that section does not likewise authorize the court to modify its prior order by vacating its reservation of jurisdiction. Courts may not modify or vacate their prior final orders except pursuant to Civ.R. 60(B) or an express legislative mandate. The reservation of jurisdiction authorized by R.C. 3105.18(E)(2) is therefore not, by its own terms, subject to subsequent modification by the court.

{¶ 16} The domestic relations court erred in finding that, having terminated Scott's obligation to pay periodic spousal support, the court likewise lacks jurisdiction to modify his related obligation to maintain a policy of life insurance for Carol's benefit. The obligation remains subject to modification pursuant to R.C. 3105.18(E)(2) on a showing of changed circumstances. The court's 2004 pronouncement vacating its reservation of jurisdiction is a nullity.

{¶ 17} The first assignment of error is sustained.

SECOND ASSIGNMENT OF ERROR

{¶ 18} "The trial court separated the spousal support and the property settlement/life insurance policy in the final judgment and decree of divorce showing that each should be treated individually."

THIRD ASSIGNMENT OF ERROR

{¶ 19} "The parties freely entered into an unambiguous contract with the intent to put the spousal support issue to rest."

{¶ 20} The second and third errors assigned are rendered moot by our decision sustaining the first assignment of error. Therefore, we are not required to decide the errors assigned.

{¶ 21} Having sustained the first assignment of error, we will remand the case to the domestic relations court for further proceeding consistent with this opinion.

Judgment reversed
and cause remanded.

FAIN and DONOVAN, JJ., concur.

FAIN, Judge, concurring:

{¶ 22} I concur in Judge Grady's opinion for this court. I write separately only to observe that when the trial court, upon remand, decides Scott Apt's motion to be relieved of his obligation to maintain life-insurance coverage in the amount of

$50,000, it is free to consider the fact that his obligation to do so is part of the bargain the parties entered into in July 2004. As part of that bargain, Scott Apt received substantial consideration. The consideration he received included the termination of his obligation to pay Carol Apt $1,500 per month as spousal support and the reduction in the amount of the life insurance benefit he was obliged to provide to her—from $100,000 to $50,000. To be sure, Carol Apt received a lump-sum payment of $50,000 as part of the bargain, but Scott Apt received substantial consideration in the form of the elimination of his duty to pay monthly spousal support and the reduction of the amount of life-insurance coverage he was required to provide for Carol Apt's benefit.

{¶ 23} Upon remand, the consideration that Scott Apt received, and that Carol Apt gave up, in exchange for the reaffirmation of his duty to provide a reduced amount of life insurance coverage for his ex-wife's benefit is something that the trial court may consider under R.C. 3105.18(C)(1)(n): "Any other factor that the court expressly finds to be relevant and equitable."