[Cite as *Seitz v. Seitz*, 2012-Ohio-843.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| SUSAN M. SEITZ | : | |
| | : | Appellate Case No. 24703 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2005-LS-02 |
| v. | : | |
| | : | |
| DAVID R. SEITZ | : | (Civil Appeal from Common Pleas |
| | : | Court, Domestic Relations) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of March, 2012.

. . . . . . . . . . .

DAVID P. MESAROS, Atty. Reg. #0012725, 7051 Clyo Road, Centerville, Ohio 45459
        Attorney for Plaintiff-Appellee

DOUGLAS B. GREGG, Atty. Reg. #0014660, 7929 Washington Woods Drive, Centerville,
Ohio 45459
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant David Seitz appeals from an order of the

Montgomery County Court of Common Pleas, Domestic Division, requiring him to pay

spousal support. Mr. Seitz contends that the trial court erred in awarding spousal support to

Ms. Seitz, because there were no changed circumstances meriting a modification of the previous order denying support. He further contends that the evidence does not support the order.

{¶ 2} We conclude that there is evidence in the record upon which the trial court could find a change in the circumstances of the parties sufficient to permit a modification of the prior spousal support order, and that the trial court did not abuse its discretion by awarding spousal support to Ms. Seitz. Accordingly, the judgment of the trial court is Affirmed.

I

{¶ 3} Susan and David Seitz were divorced on August 31, 2007. In the decree, the trial court did not order either party to pay spousal support. But the court did retain jurisdiction over the issue of spousal support. In a prior appeal, this court affirmed the trial court's determination that no spousal support would be ordered at the time of the final decree. *Seitz v. Seitz*, 2d Dist. Montgomery Nos. 22426 and 23698, 2010-Ohio-3655.

{¶ 4} Ms. Seitz filed a motion to modify spousal support in early 2009, upon the claim that she had suffered a "serious loss in her investment accounts." After a hearing, a magistrate awarded Ms. Seitz $1,000 per month as spousal support, retroactive only to the date of the hearing. Both parties objected to the magistrate's decision. The trial court rendered a decision and order awarding Ms. Seitz the sum of $1,000 per month as spousal support. But the trial court amended the magistrate's decision to make the award retroactive to the date that Ms. Seitz filed her motion for a modification – February 26, 2009. From this

order, Mr. Seitz appeals.

II

**{¶ 5}** Mr. Seitz sets forth the following assignments of error:

THE TRIAL COURT ERRED BY MODIFYING SPOUSAL SUPPORT IN FAVOR OF APPELLEE.

THE TRIAL COURT ERRED BY UNREASONABLY AND ARBITRARILY MAKING SOME OF ITS FACTUAL FINDINGS.

**{¶ 6}** In passing, we note that there is a split in authority among Ohio's appellate courts on the issue of whether a trial court may retain jurisdiction to modify an award of spousal support when no spousal support has, in fact, been ordered. We have found that a trial court may do so. *Aylstock v. Bregenzer*, 2d Dist. Montgomery No. 14325, 1994 WL 371330, *2 (July 29, 1994). *Accord Murphy v. Murphy*, 2d Dist. Montgomery No. 15693, 1996 WL 629522 (Nov. 1, 1996). This issue, and the split in authority among Ohio's appellate courts that existed at that time, is discussed at length in *Okos v. Okos*, 137 Ohio App.3d 563, 571-582, 739 N.E.2d 368 (6th Dist. 2000). As noted in *Okos*, a conflict on this issue was certified for review by the Supreme Court of Ohio in *Harbert v. Harbert*, 75 Ohio St.3d 1409, 661 N.E.2d 758 (1996), but was ultimately dismissed on the application of the appellant. *Harbert v. Harbert*, 75 Ohio St.3d 1470, 663 N.E.2d 1298 (1996). As far as we can determine, this conflict in authority remains unresolved.

**{¶ 7}** When originally setting spousal support, a trial court must consider all of the factors set forth in R.C. 3105.18(C). However, when considering a motion to modify a

prior spousal support order, the trial court need only consider the factors that have changed since the date of the prior order. *Dean v. Dean,* 8th Dist. Cuyahoga No. 95615, 2011–Ohio–2401, ¶ 14. A trial court may not modify a prior order concerning spousal support unless the decree of the court expressly reserved jurisdiction to make the modification and unless the court finds: "(1) that a substantial change in circumstances has occurred and (2) that the change was not contemplated at the time of the original decree." *Mandelbaum v. Mandelbaum,* 121 Ohio St.3d 433, 2009–Ohio–1222, 905 N.E.2d 172, ¶ 33.

{¶ 8} In general, a trial court's determination in domestic relations cases is reviewed under an abuse of discretion standard. *Booth v. Booth,* 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). The term "abuse of discretion" implies that the court's attitude was "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St .3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 9} Mr. Seitz argues that the trial court "failed to identify the change of circumstance that was NOT contemplated at the issuance of the decree[,]" gave "only a cursory reference to the legal standards it is required to consider[, and] * * * completely ignored the overriding purpose of spousal support (i.e. self-sufficiency)."

{¶ 10} Mr. Seitz also argues that Ms. Seitz had over $1,000,000 in assets that were capable of earning over $70,000 per year in interest income. He further contends that she is "employed and receives generous health insurance benefits," and that her monthly living expenses have been significantly reduced.

{¶ 11} From our review of the record, there is evidence that Ms. Seitz had not been employed outside the home during the majority of the parties' 40-year marriage, and that

she "has no formal education beyond high school." At the end of the marriage, she did obtain employment with Community Golf Course, earning approximately $17,000 per year with no health insurance benefits. However, she was diagnosed with breast cancer and found it necessary to obtain employment that provided her with health insurance. Thus, Ms. Seitz obtained a different job, which only paid her an annual salary of $13,000, but which does provide her affordable health insurance coverage. Ms. Seitz receives $191 per month as a pension. She also receives approximately $1,000 per year from her investment assets, which were valued at approximately $1,000,000 at the time of the divorce.[1] Her tax return for 2008 showed that she had a total income from wages, pension and interest income of $15,122. At the time of the hearing, there was evidence that her annual income was $17,000. It was projected that she would begin receiving social security benefits of $369 per month at age 62, or $584 per month at age 66.

{¶ 12} Ms. Seitz sold her home in order to purchase a less expensive home and thereby reduce her mortgage indebtedness. The move reduced her monthly expenses by $400 per month. However, Ms. Seitz's monthly expenses still exceed her monthly income by almost $3,000 per month. Ms. Seitz was required to reduce the principal of her investments in order to meet her monthly expenses.

{¶ 13} Conversely, at the time of the divorce, Mr. Seitz owned about 75% of a check cashing business. At that time, he testified that his projected 2008 income would be approximately $28,000. However, at the hearing it was determined Mr. Seitz's actual income

---

[1] The evidence at the original divorce hearing, in 2007, before the substantial decline in the stock market dating from late 2008, indicated that the investment assets would earn income of $50,000 to $70,000 per year.

was $123,392, according to his 2008 tax return. Furthermore, he had since acquired shares of the business from a partner, as a result of which he owned 91.5% of the business. Mr. Seitz also received a $75,000 loan from the business, which he testified he is free to use as he wishes. And the business has gross revenues in excess of $400,000. Finally, there is evidence upon which to support the trial court's finding that Mr. Seitz's income exceeds $100,000, and that he has approximately $700,000 in investment accounts and a capital account in the business of $300,000 to $400,000.[2] Mr. Seitz's projected social security benefits were estimated at $1,834 per month at age 62, or $2,336 per month at age 66.

{¶ 14} The trial court stated:

The court finds a substantial change in circumstances has occurred since the spousal support order in this matter. The income of the defendant has been considerably higher than he testified to on several occasions. Additionally even with interest income added to the plaintiff's employment income there remains a significant disparity in income between the parties. The plaintiff's lifestyle has been directly affected by said disparity. The Court further finds the reservation of jurisdiction over the issue of spousal support was ordered to enable this Court to rectify inequities such as these, particularly where, as here, there was a marriage that exceeded 40 years.

{¶ 15} From our review of the record, we conclude that the trial court's findings of fact are supported by the evidence. Ms. Seitz's income following the divorce was much less than had been anticipated, and Mr. Seitz's income, as shown on his tax returns, was much

---

[2] Mr. Seitz argues that his 2010 tax return shows "an adjusted gross income of $66,251, which is still significantly lower than his income at the issuance of the decree [when it was determined that he was not obligated to pay spousal support]." However, the 2010 tax return is not a part of this record. For that matter, the 2009 tax return was not made available to the trial court.

higher than he had testified it to have been at the original divorce hearing. The evidence also shows that Ms. Seitz's monthly expenses substantially exceed her monthly income. Therefore, we conclude that the trial court did not abuse its discretion by awarding Ms. Seitz monthly spousal support of $1,000. We note that the trial court again retained jurisdiction over the issue of spousal support, so that Mr. Seitz is capable of seeking a modification if, in fact, his current financial information shows a significant decrease in his income.

{¶ 16}   Mr. Seitz's First and Second assignments of error are overruled.


III

{¶ 17}   Both of Mr. Seitz's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and FROELICH, J., concur.


Copies mailed to:

David P. Mesaros
Douglas B. Gregg
Hon. Timothy D. Wood

Case Name:   *Susan M. Seitz v. David R. Seitz*
Case No:           Montgomery App. No. 24703
Panel:             Grady, Fain, Froelich
Author:            Mike Fain