[Cite as *Sieverding v. Sieverding*, 2012-Ohio-1238.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

                                 :

Barbara J. Sieverding
    Plaintiff-Appellee       :    C.A. CASE NO. 24549

vs.                           :    T.C. CASE NO. 98-DM-772

                                 :    (Civil Appeal from
Michael J. Sieverding            Common Pleas Court,
    Defendant-Appellant    :    Domestic Relations Division)

. . . . . . . . .

O P I N I O N

Rendered on the 23rd day of March, 2012.

. . . . . . . . .

Anne C. Harvey, Atty. Reg. No. 0054585, 2310 Far Hills Avenue, Dayton, OH 45419
    Attorney for Plaintiff-Appellee

Joseph W. Stadnicar, Atty. Reg. No. 0046851, 3836 Dayton-Xenia Road, Beavercreek, OH 45432
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} This is an appeal from a final order of the domestic relations court that modified provisions concerning spousal support in a separation agreement incorporated into a decree of dissolution.

{¶ 2} On September 18, 1998, Michael and Barbara Sieverding

filed their petition for a decree dissolving their marriage of thirty years. A separation agreement was submitted in support of the petition. The separation agreement provides:

{¶ 3} "Petitioner-Husband shall pay spousal support to Wife in the amount of one thousand dollars ($1,000.00) per month commencing the month that the final decree is filed and continuing for a period of twelve (12) years or until the death of either party or Wife's remarriage whichever may first occur. <u>The Court shall retain jurisdiction over the matter of spousal support</u>." (Emphasis added.)

{¶ 4} The domestic relations court granted the parties' petition for dissolution on December 10, 1998. The decree of dissolution expressly incorporates their separation agreement, including its spousal support provisions.

{¶ 5} On March 4, 2010, Barbara filed a motion requesting an increase in both the amount and duration of spousal support Michael was ordered to pay. Barbara alleged "a change in the financial circumstances of the parties, as well as due to the conduct of the Defendant during the dissolution as to disclosure of retirement accounts, which has only recently become known to Plaintiff." (Dkt. 14).

{¶ 6} On February 23, 2011, an Agreed Order, signed by Michael and Barbara and the magistrate, was filed. The Agreed Order was approved by the court on that same date. The Agreed Order provides, in pertinent part:

(1) by agreement of the parties, it is hereby ordered as follows: the Respondent/Husband (Michael) shall pay $9,000.00 to Movant/Wife (Barbara) as and for spousal support, payable by March 14, 2011. This spousal support payment shall be paid directly.

(2) The obligation for spousal support shall terminate and the court does not retain jurisdiction.

{¶ 7} On March 25, 2011, Michael filed a notice of appeal from the February 25 Agreed Order. Barbara has not filed a brief as Appellee.

ASSIGNMENT OF ERROR

{¶ 8} "THE TRIAL COURT, EVEN BY AGREEMENT OF THE PARTIES DOES NOT HAVE THE AUTHORITY TO TERMINATE THE TRIAL COURT'S CONTINUING JURISDICTION PREVIOUSLY INVOKED PURSUANT TO REVISED CODE § 3105.18(E)."

{¶ 9} R.C. 3105.18(E) provides, in pertinent part:

If * * * a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:

> (1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.
>
> (2) In the case of a dissolution of marriage, the separation agreement that is approved by the court and incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.

{¶ 10} Michael relies on our holding in *Apt v. Apt*, 192 Ohio App.3d 102, 2011-Ohio-380, 947 N.E.2d 1317. *Apt* involved a decree of divorce in which monthly payments of spousal support was ordered, "subject to further jurisdiction of the Court." Subsequently, by an agreed order, the court modified the decree to substitute a lump-sum payment for the periodic payments for which the decree had provided. The agreed order also provided: "The continuing jurisdiction of this court over the spousal support is vacated."

{¶ 11} Several years later, the obligee in *Apt* filed charges in contempt concerning the obligor's failure to maintain a life insurance policy the obligor had also been ordered to maintain to secure his support obligation. The domestic relations court found that termination of the support obligation and revocation of any continuing jurisdiction on that matter prohibited the court

from exercising its jurisdiction to consider the matter of insurance the obligor had a duty to maintain.

{¶ 12} On review, we held in *Apt* that the court's earlier order vacating its continuing jurisdiction in the matter of spousal support was ineffective. We wrote:

R.C. 3105.18(E)(2)[1] does not operate to allow the court to create its jurisdiction. That section functions instead to prevent a loss of jurisdiction that would otherwise result with journalization of the final judgment and decree of divorce. While the court's stated "reservation" is necessary for that outcome to occur, the jurisdiction preserved is the product of R.C. 3105.18(E)(2), which represents an exercise of the power conferred on the General Assembly by Section 4(B), Article IV, to determine the jurisdiction of the court of common pleas and its divisions. Just as it cannot create its own jurisdiction, a court cannot "vacate" the continuing jurisdiction that R.C. 3105.18(E)(2) confers. Neither can that power be conferred on the court by agreement of the parties.

{¶ 13} In *Apt*, we wrote that the domestic relations court's order vacating an order in a prior decree of divorce authorizing

---

[1] **The correct reference should have been to R.C. 3105.18(E)(1), *Apt* being a divorce case.**

the court to modify the periodic payments of spousal support awarded in the decree was a "nullity." *Id.*, at ¶ 16. Our rationale was that the order was necessarily void because it modified the final decree itself, as opposed to the "nature, amount, and terms of payment, and duration of spousal support," R.C. 3105.18(B), ordered in the decree.

{¶ 14} We agree that the prohibition against modification of final orders we discussed in *Apt* likewise prohibits orders vacating a provision in a separation agreement incorporated into a decree of dissolution that authorizes the court to modify an award for periodic payments of spousal support. Michael contends that the domestic relations court's statement in the agreed order that the court "does not reserve jurisdiction" concerning the lump sum support its modification ordered could be construed to be such a prohibited modification. However, while such an order is a "nullity," any such error was harmless.

{¶ 15} The authorization which the separation agreement confers permitted the court to modify Michael's obligation to make periodic payments of spousal support and substitute a lump sum spousal support obligation instead. The practical effect of that modification was to exclude the possibility of any so-called reservation of jurisdiction, because R.C. 3105.18(E) applies to an order for "periodic payments of money as spousal support," and therefore does not apply to lump sum awards. R.C. 3105.18(E)(2)

could not extend the court's jurisdiction to modify the lump-sum award in any event. The court's apparent intention to reject any continuing jurisdiction pursuant to R.C. 3105.18(E)(2) to modify its lump sum award therefore had no force or effect, and while it was an error, the error was harmless.

{¶ 16} The assignment of error is overruled. The judgment of the domestic relations court will be affirmed.

FROELICH, J., concurring:

{¶ 17} The parties were divorced and a final decree of dissolution was filed in 1998. That final appealable order provided that the court shall retain jurisdiction over the matter of spousal support. I understand the surface logic of being permitted to amend an order which itself gives the court continuing jurisdiction. However, perhaps excluding Civ.R. 60 relief (which is not at issue here), neither a court nor the parties ten years later can change that final appealable order since that would, almost by definition, retroactively make it something other than "final."

{¶ 18} Therefore, to the extent the 2011 Order purported to amend the 1998 Order by no longer retaining jurisdiction to modify spousal support, it was in error; and the court still "retain[s] jurisdiction over the matter of spousal support." But, since that retained jurisdiction was exercised by permitting the spousal

support obligation to be satisfied by a lump-sum payment, there is no further spousal support obligation to which the continuing jurisdiction applies.  Thus, as the majority concludes, the error is harmless.

HALL, J., concurring,

{¶ 19} My colleagues conclude that the Domestic Relations Court could not truncate its previously reserved continuing jurisdiction over the issue of spousal support, but that the error was harmless. I agree with that conclusion, although my reasoning is somewhat different. I write to insure that we do not create uncertainty about the enforcement of voluntary agreements between parties.

{¶ 20} Both husband and wife desired to reduce future periodic spousal support to a lump sum. Wife's expectation was that she would receive a substantial cash payment. Husband's expectation was that he would no longer be subject to the potential of future spousal support. Their agreement should be enforceable. In my view, inclusion of the language in their Agreed Order that upon payment of the lump sum "The obligation for spousal support shall terminate and the court does not retain jurisdiction" may not be sufficient to alter the once-reserved continuing jurisdiction of the court, but it does operate as an irrevocable waiver of the wife's future ability to later move the court for future spousal support. Thereby,

the agreement of the parties is enforceable because, even though the court may still have jurisdiction, wife cannot successfully approach the court for an increase.

. . . . . . . .

Copies mailed to:

Anne C. Harvey, Esq.
Joseph W. Stadnicar, Esq.
Hon. Denise L. Cross