[Cite as *Reinhold v. Reinhold*, 2021-Ohio-2786.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| AMY R. REINHOLD | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case Nos. 2020-CA-8 & |
| | : | 2021-CA-1 |
| v. | : | |
| | : | Trial Court Case No. 2010-DR-298 |
| ROBERT V. REINHOLD | : | |
| | : | (Domestic Relations Appeal from |
| Defendant-Appellee | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of August, 2021.

. . . . . . . . . . .

MARK EDWARD STONE, Atty. Reg. No. 0024486, 3836 Dayton-Xenia Road, Beavercreek, Ohio 45432 & TERRY W. POSEY, JR., Atty. Reg. No. 0078292, 109 North Main Street, Suite 500, Dayton, Ohio 45402
     Attorneys for Plaintiff-Appellant

ROBERT M. HARRELSON, Atty. Reg. No. 0003302 & WILLIAM M. HARRELSON, Atty. Reg. No. 0087957, 9 West Water Street, Troy, Ohio 45373
     Attorneys for Defendant-Appellee

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Plaintiff-appellant Amy R. Reinhold appeals from two judgments that the Miami County Court of Common Pleas entered in her post-divorce action against her former husband, Robert Reinhold.[1] The judgments rejected Amy's attempts to modify the award of spousal support in the parties' divorce decree via a motion to modify and a motion for relief from judgment.

{¶ 2} R.C. 3105.18(E) gives a court the ability to retain authority to exercise continuing jurisdiction over spousal support if "a continuing order for periodic payments of money" for support is entered. The divorce decree here ordered Robert to pay Amy only a lump-sum amount. Thus, the trial court overruled Amy's motion to modify spousal support for lack of jurisdiction. Amy then filed a motion for relief from judgment under Civ.R. 60(B)(4) or (5). The court overruled this motion for lack of jurisdiction too, concluding that the only way to modify an award of spousal support is under R.C. 3105.18(E).

{¶ 3} We conclude that both of the trial court's conclusions are correct. By its plain terms, R.C. 3105.18(E) gives a court jurisdiction to modify only "periodic payments of money as spousal support," and the law is clear that a trial court does not have jurisdiction to modify a spousal-support award under Civ.R. 60(B)(4) or (5). Thus, we affirm both of the trial court's judgments.

### I. Factual and Procedural Background

{¶ 4} Amy and Robert were married in 1984. Shortly after, Robert, a pediatrician, opened a pediatric medical practice. Amy worked as the practice's office manager. Life

---

[1] For clarity we will refer to the parties by their first names.

was good for them—a nice house, membership at a country club, European vacations. But everything changed in 2007, when Robert was arrested on federal criminal charges for possession of child pornography. Ultimately, he pleaded guilty to the charges and was sentenced to prison. Robert lost his medical license, and his successful pediatric practice was closed. Their most significant asset, their main source of income, was gone. Robert had been earning around $275,000 per year, with Amy being paid only a nominal salary for her work. The source of the income that had sustained the parties during their marriage was effectively extinguished. Robert's criminal conduct had substantially reduced the assets and income available for Amy's support and caused her grave financial hardship.

{¶ 5} Amy eventually filed for divorce, and in 2011, after almost 27 years of marriage, a decree of divorce was entered. At the time, Robert was still in prison. The trial court equitably divided the marital assets but awarded more to Amy because of the financial trouble caused by Robert's criminal conduct. As for spousal support, Robert's only income was around $800 per month from a trust established by his grandparents, which income continued while he was in prison. Other than that, his future income-earning ability was completely unknowable, as was Amy's. But Robert did stand to receive a substantial amount of money from the trust in the future. As the magistrate wrote, "The defendant is a beneficiary under a trust where he could receive over a million dollars during his lifetime. Currently, he is a contingent beneficiary. The funds will be disbursed upon the death of his mother [age 89] and his aunt [age 86]. The defendant shares the trust with five other members of the family." He did not yet have the money at the time of the divorce, though, and the trust funds were too speculative to be considered divisible property. The decree awarded Amy a lump-sum amount of spousal support ($27,500)

from existing marital assets and retained jurisdiction to revisit spousal support after Robert was released from prison and Amy had an opportunity to establish herself. The court stated in the divorce decree: "[T]he Court retains jurisdiction over the issue of spousal support for an indefinite period of time because the Defendant's criminal misconduct caused his loss of employment and because he is the beneficiary under a trust where he could receive over a $1,000,000.00 during his lifetime."[2]

{¶ 6} In April 2019, Amy filed a motion to modify the award of spousal support, seeking a lump-sum amount and periodic payments. Amy claimed that Robert's mother had died and that he had received a substantial inheritance from her. After a trial, the parties submitted proposed findings of fact and conclusions of law. In his submission, Robert argued that the trial court did not have jurisdiction to modify the spousal support under R.C. 3105.18(E), because the divorce decree had awarded a lump-sum amount as spousal support and not "a continuing order for periodic payments of money." The magistrate agreed, concluding that the court lacked jurisdiction to modify the spousal support award. Amy filed objections with the trial court. In a July 10, 2020 judgment, the trial court overruled her objections, agreeing that R.C. 3105.18(E) was not satisfied and that, therefore, the court had no jurisdiction.

{¶ 7} Amy then filed a motion for relief from judgment under Civ.R. 60(B)(4) or (5), seeking relief from the divorce decree. She argued that the case law changed after the

---

[2] Proceeds from the trust appear to be distributions in the nature of inheritance. Because the trial court determined it did not have jurisdiction to modify spousal support, it did not get to the issue of whether that source of proceeds could be considered, in ordering spousal support, as "income" under R.C. 3105.18(C)(1)(a) or an "asset" under R.C. 3105.18(C)(1)(i) or "any other factor" under R.C. 3105.18(C)(1)(n), or whether there was a statutory "change of circumstances" under R.C. 3105.18(F). We likewise have no reason to address those issues.

decree had been entered. The trial court overruled this motion too. It rejected Amy's argument and further concluded that, even if Amy were correct, a change in the law could not serve as the basis for Civ.R. 60(B) relief.

{¶ 8} Amy filed a timely appeals from each trial court judgment. The appeals have been consolidated.

## II. Analysis

{¶ 9} Amy assigns two errors to the trial court. The first alleges that the court erred by overruling her motion to modify spousal support, and the second alleges that the court erred by overruling her motion for relief from judgment.

{¶ 10} "The jurisdiction of the courts of common pleas is established legislatively, pursuant to Article IV, Section 4(B), Ohio Constitution." *Harbert v. Harbert*, 2d Dist. Greene No. 96-CA-0161, 1997 WL 691506, *3 (Oct. 17, 1997), citing *Mattone v. Argentina*, 123 Ohio St. 393, 175 N.E. 603 (1931). "Because a court cannot create its own jurisdiction, neither can it 'retain jurisdiction' to modify its own spousal support order when that jurisdiction would otherwise expire." *Id.* "Courts may not modify or vacate their prior final orders except pursuant to Civ.R. 60(B) or an express legislative mandate." *Apt v. Apt*, 192 Ohio App.3d 102, 2011-Ohio-380, 947 N.E.2d 1317, ¶ 15 (2d Dist.).

## A. Jurisdiction to modify spousal support

{¶ 11} In her first assignment of error, Amy argues that the trial court incorrectly concluded that it lacked continuing jurisdiction over spousal support under R.C. 3105.18(E).

{¶ 12} R.C. 3105.18(E) pertinently provides:

[I]f a continuing order for periodic payments of money as spousal support is

entered in a divorce or dissolution of marriage action * * *, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:

> (1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.

> (2) In the case of a dissolution of marriage, the separation agreement that is approved by the court and incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.

"R.C. 3105.18(E)([1])[3] authorizes the court to exercise the jurisdiction it reserved by modifying a spousal-support award." *Apt* at ¶ 15. The provision "functions * * * to prevent a loss of jurisdiction that would otherwise result with journalization of the final judgment and decree of divorce." *Id.* at ¶ 14.

{¶ 13} The question raised here is whether a court has jurisdiction to modify spousal support under R.C. 3105.18(E) when the court expressly reserved jurisdiction but ordered only a lump-sum payment of spousal support. The answer is no. R.C. 3105.18 allows a court to initially award spousal support that is payable in one of two ways: "either

---

[3] While *Apt* references section (E)(2), the correct reference is section (E)(1) because *Apt* was a divorce case.

in gross or by installments." R.C. 3105.18(B).[4] By its terms, R.C. 3105.18(E) permits continuing jurisdiction over only "periodic payments of money as spousal support." In *Sieverding v. Sieverding*, 2d Dist. Montgomery No. 24549, 2012-Ohio-1238, the issue was whether parties could agree to terminate previously retained jurisdiction over spousal support if they also agreed to reduce future periodic payments to a lump sum. After concluding that the parties could not do that, we noted that the practical effect of the modification from periodic payments to a lump sum was to exclude a reservation of jurisdiction, because "R.C. 3105.18(E) applies to an order for 'periodic payments of money as spousal support,' and therefore does not apply to lump sum awards." *Id.* at ¶ 15. In a subsequent case, *Ransdell v. Ransdell*, 2d Dist. Montgomery No. 25831, 2014-Ohio-3001, the wife received $60,000 in spousal support as a lump-sum payment. In the divorce decree, the trial court stated that it did not retain jurisdiction over spousal support except in the event that the husband did not satisfy and hold the wife harmless on all marital debt, in which case the wife would then need spousal support. When the husband failed to refinance the marital residence and the wife was served with a foreclosure complaint, she moved for a modification of spousal support. The trial court granted the motion and ordered the husband to pay monthly spousal support. The husband appealed. We concluded, based on *Sieverding* "and the plain language of R.C. 3105.18(E)," that,

---

[4] A reasonable argument could be made that a spousal support award "either in gross or by installments" is in the alternative and not both. R.C. 3105.18(B) states that "[a]n award of spousal support may be allowed in real or personal property, *or both*, or by decreeing a sum of money, payable either in gross or by installments* * *." (Emphasis added.) The text does not repeat "or both" after the words "in gross or by installments," perhaps indicating an intention that "both" does not apply to the phrase "either in gross or by installments." However, we make no determination here whether, in the appropriate case, a court may enter both a gross and installment spousal support award.

"since R.C. 3105.18(E) refers to an order for 'periodic payments of money as spousal support,' it does not apply to lump sum awards." *Id.* at ¶ 30. "Since the parties' final decree expressly provided for a 'lump sum payment of spousal support of $60,000.00,' and not 'periodic payments of money as spousal support,' " we held that "[Husband]'s spousal support obligation was not subject to modification, in amount or duration, pursuant to R.C. 3105.18(E)." *Id.*

{¶ 14} The situation here is much like that in *Ransdell*. Although the divorce decree included language that the trial court would retain jurisdiction over the issue of spousal support, the support awarded was not a "continuing order for periodic payments." Rather, Robert was ordered to pay Amy a lump-sum amount as spousal support. Following *Ransdell*, we conclude that, because the trial court ordered a lump sum amount and did not order periodic payments of spousal support in the divorce decree, it did not have statutory jurisdiction to modify spousal support. R.C. 3105.18(E) simply did not apply.

{¶ 15} Amy argues that our case law at the time of the divorce held that a court could retain jurisdiction over spousal support even if no periodic spousal support had been awarded. She cites several cases that, she argues, support her position that R.C. 3105.18(E) still allows spousal support to be modified. *E.g.*, *Aylstock v. Bregenzer*, 2d Dist. Montgomery No. 14325, 1994 WL 371330 (Jun. 29, 1994); *Harbert v. Harbert*, 2d Dist. Greene No. 96-CA-0161, 1997 WL 691506 (Oct. 17, 1997); *Seitz v. Seitz*, 2d Dist. Montgomery No. 24703, 2012-Ohio-843; *Lapierre v. Lapierre*, 2d Dist. Greene No. 2001-CA-10, 2001 WL 1018361 (Sept. 7, 2001). Amy says that *Ransdell* changed the law and anyway is not controlling, primarily because it did not cite these earlier cases.

{¶ 16} This line of cases begins with our decision in *Aylstock* where the trial court

did not award periodic spousal support but stated it retained jurisdiction over the matter for three years. We held: "Where the trial court has reserved jurisdiction for a reasonable period of time to modify spousal support if its projection of earning ability should prove to be erroneous in the light of the changed circumstances inherent in actual subsequent experience, we conclude that it is consistent with the purposes underlying the statute to permit a modification allowing spousal support when a satisfactory showing of changed circumstances has been made." *Aylstock* at *2. In other words, as we later summarized, "upon compliance with R.C. 3105.18(E)(1), the court's jurisdiction to impose spousal support continues even though no spousal support was ordered in the decree." *Lapierre* at *2. Furthermore, in *Seitz* at ¶ 6, we noted:

> [T]here is a split in authority among Ohio's appellate courts on the issue of whether a trial court may retain jurisdiction to modify an award of spousal support when no spousal support has, in fact, been ordered. We have found that a trial court may do so. *Aylstock v. Bregenzer,* 2d Dist. Montgomery No. 14325, 1994 WL 371330, *2 ([June] 29, 1994). *Accord Murphy v. Murphy,* 2d Dist. Montgomery No. 15693, 1996 WL 629522 (Nov. 1, 1996). This issue, and the split in authority among Ohio's appellate courts that existed at that time, is discussed at length in *Okos v. Okos,* 137 Ohio App.3d 563, 571-582, 739 N.E.2d 368 (6th Dist.2000). As noted in *Okos,* a conflict on this issue was certified for review by the Supreme Court of Ohio in *Harbert v. Harbert,* 75 Ohio St.3d 1409, 661 N.E.2d 758 (1996), but was ultimately dismissed on the application of the appellant. *Harbert v. Harbert*, 75 Ohio St.3d 1470, 663 N.E.2d 1298

(1996). As far as we can determine, this conflict in authority remains unresolved.

**{¶ 17}** While we acknowledge *Aylstock*'s holding, and the argument about the inconsistency of our jurisprudence, *Aylstock* and the other cases Amy cites are unlike *Ransdell* and the present case in one key respect: no spousal support at all had been previously awarded in *Aylstock*, either in gross or as a continuing order of periodic payments. Conversely, in *Ransdell* and this case, a lump-sum amount was awarded as spousal support. Our decision is to follow the latest and more specific case on the subject which is *Ransdell*, finding no jurisdiction to later consider a spousal support award in periodic payments where in the decree a lump sum award was made but an award in installments was not. That *Ransdell* involved a separation agreement and not a trial, like this case, is not a relevant difference.

**{¶ 18}** After this case was argued, Amy filed a notice of supplemental authority on July 14, 2021, referring us to *Ostanek v. Ostanek*, Ohio Slip Opinion No. 2021-Ohio-2319, __ N.E.3d __. *Ostanek* involved a January 22, 2013 trial court order acceptable for processing (COAP) which divided the husband's federal employee retirement system pension, purportedly in compliance with the parties' 2001 divorce decree that had incorporated a stipulation that the husband's retirement would "be divided 50/50 with the court reserving jurisdiction to issue a QDRO [qualified domestic-relations order]." The Court of Appeals decided that the COAP was void because it was a modification of the divorce decree to the extent that it granted the wife survivorship benefits, an issue that had not been addressed in the 2001 decree.

**{¶ 19}** A post-decree modification of property division is prohibited by R.C.

3105.171(I), which states: "A division or disbursement of property or a distributive award made under this section is not subject to future modification by the court except upon the express written consent or agreement to the modification by both spouses." Based on this statute, the *Ostanek* Court of Appeals held "[t]he trial court was without jurisdiction to approve a COAP that granted [the wife] survivorship benefits, rendering it void." *Id*. at ¶ 52.

{¶ 20} The Supreme Court accepted the *Ostanek* case only to decide whether the 2013 order, even if it was inconsistent with the decree, was void or only voidable. The Court referred to its recent clarifications distinguishing between a lack of subject-matter jurisdiction and an "errant exercise of its jurisdiction in failing to comply with a statutory requirement." *Id.* at ¶ 32. The Supreme Court held that the trial court had subject matter jurisdiction over the case, making the 2013 order voidable and not void. The *Ostanek* case was reversed and remanded to the Court of Appeals to decide an assignment of error not addressed because that court had found the COAP to be void.

{¶ 21} The Supreme Court opinion stated:

R.C. 3105.171(I) does not contain any explicit statutory language divesting domestic-relations courts of subject-matter jurisdiction over divorce actions and the division of marital property. Therefore, it does not impose a jurisdictional bar denying domestic-relations courts subject-matter jurisdiction, and any error by such a court in modifying a divorce decree's division of marital property is an error in the exercise of jurisdiction. That error renders the order voidable, not void ab initio.

*Ostanek* at ¶ 34.

{¶ 22} Because *Ostanek* involves R.C. 3105.171(I), dealing with modification of property division or distributive awards in a final decree, instead of R.C. 3105.18(E), containing different wording and dealing more specifically with modification of periodic payments for spousal support, we conclude *Ostanek* does not directly apply. Moreover, unlike R.C. 3105.171(I), R.C. 3105.18(E) does specifically include the word "jurisdiction" in its prohibition. Still further, the question before us is whether R.C. 3105.18(E), using the term "jurisdiction," denied the trial court statutory authority to modify or institute periodic spousal support when the decree had only ordered lump sum spousal support. We conclude that by statute the trial court here did not have post-judgment authority to institute periodic spousal support, and *Ostanek* does not hold to the contrary.

{¶ 23} The first assignment of error is overruled.

## B. Relief from judgment under Civ.R. 60(B)

{¶ 24} In her second assignment of error, Amy contends that if R.C. 3105.18 did not give the trial court jurisdiction to modify spousal support, then Civ.R. 60(B)(4) or (5) did.

{¶ 25} "Civ.R. 60(B) permits relief from a judgment under the circumstances enumerated in the rule. The requirements of the rule are not the same as the requirements of R.C. 3105.18(E)." *Morris v. Morris*, 148 Ohio St.3d 138, 2016-Ohio-5002, 69 N.E.3d 664, ¶ 32. Relevant here, Civ.R. 60(B)(4) provides that relief from a judgment may be granted when "it is no longer equitable that the judgment should have prospective application," and Civ.R. 60(B)(5) allows relief based on "any other reason justifying relief from judgment."

{¶ 26} The Ohio Supreme Court addressed the issue presented here in *Morris*; the

Court held that "a litigant may not seek relief from the decree under Civ.R. 60(B)(4) or (5)." *Id.* at ¶ 63. Reiterating its conclusion in a prior case, the Court said that "Civ.R. 60(B) may not operate to vacate an award of spousal support, because the only proper mechanism to modify such an award is the substantive law—i.e., R.C. 3105.18." *Id.* at ¶ 55, citing *Crouser v. Crouser*, 39 Ohio St.3d 177, 178-179, 529 N.E.2d 1251 (1988). "In R.C. 3105.18(E), the General Assembly has established the limits of a trial court's jurisdiction to modify an award of spousal support. * * * If the trial court lacks jurisdiction to modify, then the inquiry of the court ends there." *Id.* at ¶ 57. We followed *Morris* in *Hall v. Hall*, 2d Dist. Greene No. 2017-CA-12, 2017-Ohio-7932, in which we said that "if parties reserve jurisdiction to modify, they may not seek relief under Civ.R. 60(B)(4) or (5)." *Hall* at ¶ 48.

{¶ 27} The governing law is clear. The trial court properly overruled Amy's motion for relief from judgment.

{¶ 28} Amy tries to distinguish *Morris* on the ground that it was a dissolution action and hers was a divorce action. But this is a distinction without a material difference, a distinction (we noted in *Hall*—a divorce case) that is irrelevant, because "the same reasoning would apply." *Id.* Amy also argues that no case rejecting the use of Civ.R. 60(B)(4) or (5) involves a situation in which a party's original rights in a divorce decree were abrogated by subsequent case law. Be that as it may, we have concluded that subsequent case law has not abrogated Amy's rights under the divorce decree.

{¶ 29} The second assignment of error is overruled.

### III. Conclusion

{¶ 30} We have overruled both of Amy's assignments of error. The trial court's

judgments are affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.

Copies sent to:

Mark Edward Stone
Terry W. Posey, Jr.
Robert M. Harrelson
William M. Harrelson
Hon. Stacy M. Wall