[Cite as *Beard v. Beard*, 2013-Ohio-3375.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

| | | |
|---|---|---|
| MELISSA M. BEARD (nka Blair) | : | |
| Plaintiff-Appellant | : | C.A. CASE NO.   2012 CA 66 |
| v. | : | T.C. NO.    05DR260 |
| PHILLIP L. BEARD | : | (Civil appeal from Common Pleas Court, Domestic Relations) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____2nd____ day of _____August_____, 2013.

. . . . . . . . . .

MELISSA M. BEARD (nka Blair), 2108 N. Fairfield Road, Beavercreek, Ohio 45431
        Plaintiff-Appellant

PHILLIP L. BEARD, 260 N. Detroit Street, Xenia, Ohio 45385
        Defendant-Appellee

. . . . . . . . . .

FROELICH, J.

{¶ 1}    Melissa M. Beard, nka Melissa Blair, appeals from a judgment of the Greene County Court of Common Pleas, Domestic Relations Division, which denied her Civ.R. 60(B) motion for relief from the trial court's final judgment and decree of divorce.

For the following reasons, the trial court's judgment will be affirmed.

{¶ 2}     In August 2005, after sixteen years of marriage, Ms. Blair filed a complaint for divorce from her husband, Phillip Beard.   At that time, the parties owned several pieces of real property, including the marital residence, a rental property in Xenia, Ohio, and a cabin on Indian Lake in Russell Point, Ohio.   The marital residence and the rental property were titled in Ms. Blair's name; the Indian Lake property was titled jointly.   The marital property had a first and second mortgage, and there were outstanding loans on the other two properties, as well.   Ms. Blair owned another property on Promenade Lane in Xenia; the parties agree that this was Ms. Blair's separate property, not marital property.   Both parties submitted pretrial statements of assets and liabilities, which included proposed dispositions of the real property.

{¶ 3}     On May 2, 2006, the trial court issued a final judgment and decree of divorce.   The judgment stated, in part:

> The parties acknowledged execution of a Separation Agreement resolving all issues arising out of the termination of the parties' marriage, and that said terms are fair and equitable on their face.   A copy of the agreement is attached to this decree.   The terms of the Separation Agreement are found by the Court to be fair and equitable and the Court orders that the Separation Agreement be made a part of this Decree and an Order of the Court.

{¶ 4}     Item X, subsection A, of the Separation Agreement addressed the division of the parties' real property.   The agreement indicated that Mr. Beard had exclusive occupancy of the marital residence, that he had refinanced the first and second mortgages on the

property, and that Ms. Blair had conveyed her interest in the property to Mr. Beard. Mr. Beard was to retain the property free and clear of any claims by Ms. Blair. Ms. Blair retained exclusive rights to the Promenade Lane property, which the parties stated was Ms. Blair's "separate" real property. For both the rental and the Indian Lake properties, the Separation Agreement provided that Mr. Beard shall "retain ownership and possession" of those properties, shall be "solely responsible for paying the monthly mortgage thereon when due, and shall save and indemnify Wife harmless therefrom." Ms. Blair was to convey, by quitclaim deed, her interests in the rental and Indian Lake properties to Mr. Beard before the final hearing. Mr. Beard was to retain the equity in those properties, and he was entitled to all rental income from the rental property.

{¶ 5} The portion of the Separation Agreement that addressed marital liabilities[1] further provided that Mr. Beard would be responsible for seven debts, including the mortgage loans on the marital residence, rental property, and Indian Lake property. There was a notation that the mortgages for the marital residence were paid in full when Mr. Beard refinanced that property. Mr. Beard was to "save and indemnify Wife harmless" from the listed debts.

{¶ 6} Ms. Blair and Mr. Beard signed both the Separation Agreement and the court's final judgment and decree of divorce.

{¶ 7} More than six years later, on October 10, 2012, Ms. Blair filed a Civ.R. 60(B) motion for relief from the final judgment and decree of divorce, stating that the

---

[1] Due to an apparent typographical error, this section was also labeled "Item X," resulting in two sections with that numbering. The marital liabilities section should have been Item XI.

judgment did not require Mr. Beard to refinance the rental and Indian Lake properties. She argued that she is obligated on loans for which she has no interest (since she had already conveyed her interest in the properties to Mr. Beard) and that this impacts her ability to obtain other lines of credit. Ms. Blair asserted that she was entitled to relief from the judgment under Civ.R. 60(B)(5).

{¶ 8} Mr. Beard opposed the motion. He argued, in part:

\* \* \* [T]he parties agreed that there would be no requirement to refinance these two properties based upon the total additional cost of refinancing, approximately $3,000 for each property, and further based upon the debt load being assumed by the Husband, pursuant to Item X (Marital Liabilities) of the Separation Agreement, and further based upon the amount of spousal support and child support which Defendant would be paying.

Mr. Beard stated that Ms. Blair and her attorney knew that there was no requirement that he refinance the two properties at issue. He noted that Ms. Blair's attorney drafted the Settlement Agreement.

{¶ 9} The trial court denied the motion without a hearing. The court found there was no meritorious claim and that there was no reason justifying relief under Civ.R. 60(B)(5). The court further stated that there were "insufficient allegations of operative facts to trigger an evidentiary hearing on this matter."

{¶ 10} Ms. Blair appeals from the trial court's judgment. Her sole assignment of error states that "[t]he trial court erred and abused its discretion in denying the Appellant's motion for relief pursuant to Civil Rule 60(B)(5)."

**{¶ 11}** Civ.R. 60(B) permits trial courts to relieve parties from a final judgment for the following reasons: (1) "mistake, inadvertence, surprise or excusable neglect;" (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged; or (5) any other reason justifying relief from the judgment. To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted, (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B), and (3) the motion is made within a reasonable time and, for reasons under Civ.R. 60(B)(1)-(3), not more than one year after judgment. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. All of these requirements must be satisfied, and the motion should be denied if any one of the requirements is not met. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994); *Cincinnati Ins. Co. v. Schaub*, 2d Dist. Montgomery No. 22419, 2008-Ohio-4729, ¶ 15.

**{¶ 12}** We review the trial court's determination of a Civ. R. 60(B) motion for an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). An abuse of discretion means that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 13}** On appeal, Ms. Blair argues that the trial court failed to fully divide the parties' marital property when it failed to require Mr. Beard to refinance the rental and Indian Lake properties. She further states that her credit could be seriously impaired if Mr. Beard fails to make timely payments on the mortgages, and it "stands to reason" that he

should refinance the properties. Ms. Blair claims that the trial court erred in finding in its judgment and decree of divorce that the distribution of property was fair and equitable, and thus a "mistake of court" exists that warrants Civ.R. 60(B)(5) relief.

{¶ 14} Civ.R. 60(B)(5) permits relief "for any other reason justifying relief from the judgment." This avenue of relief is "only to be used in an extraordinary and unusual case when the interests of justice warrant[ ] it." *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974). As the staff notes to Civ.R. 60(B)(5) comment, "[t]he grounds for invoking this catch-all provision * * * should be substantial * * * [such as] a judgment vitiated by a fraud on the court."

{¶ 15} Civ.R. 60(B)(5) will apply only when one of the specific provisions enumerated in Civ.R. 60(B)(1)-(4) does not. *Strack*, 70 Ohio St.3d at 174, 637 N.E.2d 914. Civ.R. 60(B)(5) should not be used as a substitute for any of the other more specific provisions of Civ.R. 60(B), where the one-year time limit has expired. *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66, 448 N.E.2d 1365 (1983); *Stairwalt v. Stairwalt*, 2d Dist. Champaign No. 2007 CA 30, 2008-Ohio-2597, ¶ 14.

{¶ 16} Upon review of the record, we find no abuse of discretion in the trial court's denial of Ms. Blair's Civ.R. 60(B) motion. The 2006 judgment and decree of divorce fully allocated the parties' real property and the liabilities for those properties. The Settlement Agreement gave the rental and Indian Lake properties to Mr. Beard; Ms. Blair was required to convey her interest by quitclaim deed. Mr. Beard was made "solely responsible" for paying the monthly mortgage payments when due, and he was to "save and indemnify Wife harmless therefrom." Although the Settlement Agreement did not require Mr. Beard to

refinance the properties, Ms. Blair was to have no responsibility for the existing debt.

{¶ 17} Ms. Blair has not demonstrated how the division of real property and marital liability sections of the Settlement Agreement were not fair and equitable. Ms. Blair states that her credit could be impaired if Mr. Beard should fail to timely make mortgage payments, but there are no allegations that Mr. Beard has, in fact, defaulted on the loans and mortgages. In addition, the terms in the Settlement Agreement are virtually identical to those contained in Ms. Blair's pretrial statement, in which she proposed that Mr. Beard "shall also retain [those] properties, shall make the monthly mortgage payments thereon when due, and shall save and indemnify Wife harmless therefrom. Further, Husband shall retain these properties free from any claim of Wife." In short, we find no extraordinary circumstances that require a granting of relief from the final judgment and decree of divorce. Ms. Blair may now regret failing to include a refinancing requirement for the rental and Indian Lake properties in the Settlement Agreement, but the lack of such a term does not warrant vacation of the judgment.

{¶ 18} As to the additional requirements for Civ.R. 60(B) relief, Ms. Blair has not articulated a potentially meritorious defense to the final judgment and decree of divorce, nor has she provided an explanation why her motion, filed six years after the final judgment and decree of divorce, is timely.

{¶ 19} The trial court did not abuse its discretion in denying Ms. Blair's Civ.R. 60(B) motion for relief from judgment. Accordingly, the assignment of error is overruled, and the trial court's judgment will be affirmed.

. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Melissa M. Beard (nka Blair)
Phillip L. Beard
Hon. Craig R. Baldwin