[Cite as *Hall v. Hall*, 2017-Ohio-7932.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| MARETTA HALL, nka KENDEIGH | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2017-CA-12 |
| | : | |
| v. | : | Trial Court Case No. 2013-DR-281 |
| | : | |
| S. ALLEN HALL | : | (Domestic Relations Appeal) |
| | : | |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of September, 2017.

. . . . . . . . . . .

DAVID P. MESAROS, Atty. Reg. No. 0012725, ADAM R. MESAROS, Atty. Reg. No. 0089828, 7051 Clyo Road, Centerville, Ohio 45459
    Attorneys for Plaintiff-Appellee

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, 120 West Second Street, Suite 333, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-Appellant, S. Allen Hall, appeals from a judgment denying his motion for contempt and his Civ.R. 60(B) motion for relief from judgment. Hall contends that the trial court erred when it failed to find Plaintiff-Appellee, Maretta Hall nka Kendeigh, in contempt of court. Hall also contends that the trial court erred when it failed to grant his motion for Civ.R. 60(B) relief and request to modify or terminate spousal support.

{¶ 2} We conclude that the trial court did not abuse its discretion in overruling Hall's motion for contempt. A standard court order requiring "parents" to provide notice of intent to relocate did not apply, because the parties did not have children as a result of their relationship and would not be considered "parents" for purposes of the order.

{¶ 3} The trial court also did not err in denying Hall's spousal support motion. The motion was untimely under Civ.R. 60(B)(2) and (3), because it was not filed within one year of the divorce judgment. Furthermore, relief from judgment is restricted in this situation to Civ.R. 60(B)(1), (2), or (3). Even if this had been otherwise, Hall could not circumvent the time limit by resorting to Civ.R. 60(B)(5), where he merely duplicated grounds that were subject to the limitation. Accordingly, the judgment of the trial court will be affirmed.

I. Facts and Course of Proceedings

{¶ 4} In November 2013, Kendeigh filed a divorce complaint against Hall. At that time, Kendeigh was living in the parties' marital home on Trebein Road in Beavercreek, Ohio. A February 2014 pretrial order provided that Hall would pay Kendeigh $1,000 per month in temporary spousal support, effective February 1, 2014. Subsequently, on

February 21, 2014, Hall's attorney asked to withdraw due to differences with Hall, and the court granted the request. A new attorney appeared on Hall's behalf in late March 2014.

{¶ 5} In the meantime, Kendeigh had filed a motion asking the court to hold Hall in contempt, due to his failure to pay temporary support. In response, Hall asked to be heard on the issue of temporary support. The trial court combined these matters and conducted a hearing on May 8, 2014. After hearing testimony, the court filed a judgment entry on May 20, 2014, finding Hall in contempt for willfully failing to pay spousal support for February, March, April, and May 2014. Hall was sentenced to 10 days in jail, but was allowed to purge his contempt by paying $3,800 in spousal support arrears and $350 in attorney fees before the sentencing date of August 13, 2014.

{¶ 6} According to the May 20, 2014 judgment entry, Hall admitted that he had paid no support after learning that Kendeigh was romantically involved with and cohabiting with Dale Lowe (referred to as her "paramour"). At the hearing, Kendeigh testified that Lowe spent an average of five nights per week at her residence, and had made no financial contributions to any expenses. Citing *Perri v. Perri*, 79 Ohio App.3d 845, 608 N.E.2d 790 (2d Dist.1992), the trial court reduced the temporary spousal support from $1,000 to $800 per month, effective May 1, 2014.

{¶ 7} On August 13, 2014, the trial court held another hearing, during which the parties read an agreement into the record. Based on the agreement, the court filed an order requiring the parties to file a decree of divorce and a qualified domestic relations order. The divorce decree was filed on September 16, 2014, and stated that the parties had read their agreement into the record on August 13, 2014. Among other things, the decree provided that Hall would pay Kendeigh spousal support of $800 per month for 18

months. According to the decree, this support was to begin effective February 1, 2014, and last for 18 months. Thus, the spousal support payments would last only until July 1, 2015.[1]

{¶ 8} In addition, the decree acknowledged that Hall had paid Kendeigh $4,200 on August 14, 2014, and that he owed an arrearage of $2,400 for temporary spousal support, plus $1,500 for an attorney fee award. This amount of $3,900 was also to be paid through CSEA.

{¶ 9} The parties agreed that the trial court would retain jurisdiction over the amount of spousal support, but not the duration. Finally, the decree provided that spousal support would terminate on the death of either party or Kendeigh's remarriage, or could be modified upon Kendeigh's cohabitation with an unrelated male.

{¶ 10} A mandatory standard order of the court was attached to the divorce decree, and required the parties to notify CSEA in writing of their current mailing addresses, current residence addresses, telephone numbers, and so forth, and of any changes in information. Additionally, the standard order contained a provision entitled "Notice of Intent to Relocate," which required parents to notify the court 30 days in advance before they moved to a residence other than the one listed in the court order. The parent who intended to relocate was also required to provide a copy of the notice to the other parent.

{¶ 11} The address listed on the divorce decree for Kendeigh was the Trebein Road address. Neither party appealed from the divorce judgment.

---

[1] Consistent with the divorce decree, the Child Support Enforcement Agency ("CSEA") administratively recommended termination of spousal support effective August 1, 2015. At that time, an arrearage of more than $4,000 existed. On November 16, 2015, the trial court approved and adopted CSEA's recommendation.

{¶ 12} In late July 2015, Hall filed a motion to show cause and a motion to terminate spousal support. In the motion, Hall alleged that Kendeigh had failed to notify CSEA of her current address, and asked that the court find her in contempt. Hall also alleged that Kendeigh was cohabitating with Lowe and that he had reason to believe this change in her living arrangements had happened several months previously. The trial court set a hearing for September 9, 2015, but continued the hearing twice, with the latest hearing being set for January 5, 2016. However, Hall withdrew his pending motions on January 5, 2016, and no hearing was held.

{¶ 13} On February 2, 2016, Hall filed another motion to show cause and a motion for relief from judgment. This was more than six months after Hall's spousal support order terminated. The show cause motion was based on Kendeigh's failure to notify the CSEA in writing of her current address. Hall's Civ.R. 60(B) motion was brought under Civ.R. 60(B)(2), (3), and (5).

{¶ 14} In July 2016, Kendeigh filed a motion to dismiss, contending that the motion for relief from judgment was untimely. However, in August 2016, the trial court overruled the motion to dismiss, concluding that Hall could potentially proceed under Civ.R. 60(B)(5). The court then held a hearing on October 11, 2016, during which both Hall and Kendeigh testified.

{¶ 15} In January 2017, the trial court filed a judgment entry overruling the motion to show cause and the Civ.R. 60(B) motion. The court concluded that Kendeigh was technically in default of the order requiring notice of relocation because she failed to notify Hall of her new address. Nonetheless, the court concluded that contempt was not applicable in this situation because the parties did not have children and the purpose of

the notice of intent to relocate was to prevent parties from moving and depriving their children of meaningful contact with the other parent.

{¶ 16} Concerning the motion for relief from judgment, the court concluded that it was not timely filed, and there was no evidence of mistake, fraud, or newly discovered evidence. Specifically, the May 20, 2014 entry had found Kendeigh was cohabitating, and the spousal support was modified on that basis. Hall then voluntarily agreed to spousal support at the final hearing and stated on the record that he understood the terms of the decree.

{¶ 17} Hall now appeals from the judgment overruling his motions.

## II. Alleged Contempt

{¶ 18} Hall's First Assignment of Error states that:

The Trial Court Erred When It Failed to Find Plaintiff in Contempt of Court.

{¶ 19} Under this assignment of error, Hall contends that the trial court abused its discretion by failing to find Kendeigh in contempt of court. Hall's argument is based on Kendeigh's admission that she had not notified either Hall or the CSEA of her new address. According to the evidence, Kendeigh moved from the Trebein address to a new address in March 2015.

{¶ 20} "Contempt is defined in general terms as disobedience of a court order." *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554, 740 N.E.2d 265 (2001). "The power of contempt is inherent in a court, such power being necessary to the exercise of judicial functions." (Citations omitted.) *Denovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio

St.3d 14, 15, 520 N.E.2d 1362 (1988). "A common pleas court has both inherent and statutory power to punish contempts * * *." *Burt v. Dodge*, 65 Ohio St.3d 34, 35, 599 N.E.2d 693 (1992), citing *Zakany v. Zakany*, 9 Ohio St.3d 192, 459 N.E.2d 870 (1984), syllabus.

{¶ 21} We review contempt orders for abuse of discretion. (Citation omitted.) *State ex rel. Cincinnati Enquirer v. Hunter*, 138 Ohio St.3d 51, 2013-Ohio-5614, 3 N.E.3d 179, ¶ 21. An abuse of discretion means that a trial court acted unreasonably, arbitrarily, or unconscionably. (Citation omitted.) *Id.* This is a "highly deferential standard of review," and "we will not lightly substitute our interpretation for that of the issuing court." (Citations omitted.) *Id.* at ¶ 29.

{¶ 22} Upon review, we find no abuse of discretion by the trial court. "Civil contempt sanctions are designed for remedial or coercive purposes and are often employed to compel obedience to a court order." (Citation omitted.) *Corn* at 554. The record reveals that a technical default may have occurred with respect to a failure to notify the CSEA of a change in address. However, the failure caused no harm, as the evidence indicated that spousal support payments were being directly deposited into Kendeigh's bank account. Consequently, there was no remedial purpose for imposing a contempt sanction. Hall has also failed to indicate how he was affected or harmed by this technical default.

{¶ 23} Furthermore, the trial court found that failure to notify the court and Hall of an intent to relocate did not apply, because the purpose of this notice is to prevent parents from depriving another parent of parenting rights. The court's interpretation is reasonable, particularly since the court was evaluating its own standard order. In

addition, the wording in the order supports the trial court's interpretation, as it prohibits either "parent" from relocating without providing notice. This clearly did not apply to Kendeigh and Hall, because no children were born as a result of their relationship, and they were not "parents" for purposes of the court's standard order.

{¶ 24} The same observations may be made of the purpose behind an order to notify the CSEA of changes in addresses. Such a requirement would be instrumental with respect to obligors; it has little relevance to persons being paid support, particularly when support is deposited directly into their bank accounts.

{¶ 25} Based on the preceding discussion, the First Assignment of Error is overruled.

## II. Civ.R. 60(B) Motion

{¶ 26} Hall's Second Assignment of Error states that:

The Trial Court Erred When It Failed to Grant Mr. Hall's Rule 60(B)

Motion to Modify or Terminate Spousal Support.

{¶ 27} Under this assignment of error, Hall contends that he was entitled to a downward modification of his spousal support based on evidence that Kendeigh's paramour (Lowe) was in her home for at least five nights a week. According to Hall, this results in a reasonable inference that spousal support was being used for Lowe's benefit. Alternatively, Hall argues that the court should have granted his motion for relief from judgment, because he relied on a lease provided during discovery to make his decision to settle the divorce case. According to Hall, he only discovered later that Kendeigh was not the sole party on the lease and that Lowe was also on the lease.

**{¶ 28}** As was noted, the divorce decree required Hall to pay spousal support of $800 per month for 18 months. The decree contained the following further provisions:

The Court shall retain jurisdiction as to the amount of Spousal Support but not duration. Further, the spousal support shall be included as income to the Plaintiff and tax deductible to the Defendant. Still further, the spousal support shall terminate upon the death of either party, the remarriage of the Plaintiff, or may be modifiable upon cohabitation by the Plaintiff with an unrelated adult male.

Final Judgment and Decree of Divorce, Doc. # 56, p. 3.

**{¶ 29}** As a preliminary matter, we note that the decree does not allow termination of support based on cohabitation, nor does it require modification based on cohabitation. Instead, the decree says that spousal support "may" be modifiable upon cohabitation. Rather than attempting to modify support, the motion that Hall filed on February 2, 2016, sought to terminate his support obligation and recover all amounts paid, based on Civ.R. 60(B). The grounds alleged were "newly discovered evidence * * *," "fraud * * *," and "any other reason justifying relief from judgment." Defendant's Motion to Show Cause; Defendant's Motion for Relief from Judgment, Doc., #90, p. 2, quoting Civ.R. 60(B)(2),(3), and (5).

**{¶ 30}** The trial court did not discuss modification in its decision, but addressed the Civ.R. 60(B) motion for relief. As was noted, the court found the motion without merit, because it was not timely filed, and there was no newly discovered evidence, fraud, or mistake. This decision was based on the fact that spousal support was modified shortly before the divorce hearing due to cohabitation, and Hall had voluntarily agreed to the

spousal support at the divorce hearing.

{¶ 31} The Supreme Court of Ohio has stressed its long-standing position "that an agreement for spousal support that has been entered in a divorce decree by a trial court is entitled to expectations of finality." *Mandelbaum v. Mandelbaum*, 121 Ohio St. 3d 433, 2009-Ohio-1222, 905 N.E.2d 172, ¶ 15. R.C. 3105.18(E) allows spousal support to be modified where the decree authorizes modification and the circumstances of the parties have changed. In *Mandelbaum*, the court held that "a trial court lacks jurisdiction to modify a prior order of spousal support unless the decree of the court expressly reserved jurisdiction to make the modification and unless the court finds (1) that a substantial change in circumstances has occurred and (2) that the change was not contemplated at the time of the original decree." *Id.* at ¶ 33.

{¶ 32} Recently, the Supreme Court of Ohio discussed the interplay between Civ.R. 60(B) and R.C. 3105.18(E). *See Morris v. Morris*, 148 Ohio St.3d 138, 2016-Ohio-5002, 69 N.E.3d 664. In *Morris*, the court resolved a conflict between two districts concerning whether trial courts have jurisdiction under Civ.R. 60(B) to vacate or modify spousal support awards in decrees of dissolution or divorce, where the decrees do not reserve jurisdiction to modify the award. *Id.* at ¶ 1. Although the decree in the case before us contains a provision allowing modification of spousal support, *Morris* provides comments on how spousal support motions should be considered.

{¶ 33} In *Morris*, the court traced the development of the common law of divorce and the impact of statutory provisions, particularly those related to modification of spousal support for divorces and dissolutions. *Id.* at ¶ 12-28. The court discussed its early authority, which held that trial courts had authority to modify spousal support awards in

situations involving fraud or mistake, even if a decree failed to reserve jurisdiction. *Id.* at ¶ 20-28, discussing *Olney v. Watts*, 43 Ohio St. 499, 3 N.E. 354 (1885), *Law v. Law*, 64 Ohio St. 369, 60 N.E. 560 (1901), *Newman v. Newman*, 161 Ohio St. 247, 118 N.E.2d 649 (1954), and *Wolfe v. Wolfe*, 46 Ohio St.2d 399, 350 N.E.2d 413 (1976).

**{¶ 34}** The court observed that the enactment of former R.C. 3105.18(D) in 1986 resulted in what it termed the "[d]eath of the common law." *Id.* at ¶ 26-27.[2]  According to the court, while R.C. 3105.18(D) " 'codified the common-law requirement of a change in circumstances, its foremost purpose was to declare that a trial court lacks jurisdiction to modify the amount or terms of an order of spousal support unless a provision in either the divorce decree or the separation agreement incorporated into the decree of divorce or dissolution specifically authorizes modification.' "  *Id.* at ¶ 28, quoting *Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, 905 N.E.2d 172, at ¶ 24.

**{¶ 35}** As a result, the court concluded that "the General Assembly swept away all the common law enunciated in *Wolfe*, including this court's holding in *Law* that a trial court had the authority to modify a spousal-support award if there was fraud or mistake even though the decree did not reserve jurisdiction, * * * and this court's holding in *Newman* that a trial court had the authority to modify a spousal-support award if there was 'mistake, misrepresentation or fraud' even though the decree did not reserve jurisdiction * * *." (Citations omitted.)  *Morris* at ¶ 28.

**{¶ 36}** After making these remarks, the court noted that it had adopted Civ.R. 60 in 1970, as a procedural rule allowing parties to ask for relief from judgment on various

---

[2] In 1991, former R.C. 3105.18(D) was re-designated as R.C. 3105.18(E). *Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, 905 N.E.2d 172, at ¶ 26.

grounds. The court stressed, however, that its authority to create procedural rules could not modify, enlarge, or curtail substantive rights. *Morris*, 148 Ohio St.3d 138, 2016-Ohio-5002, 69 N.E.3d 664, at ¶ 29-30. In this regard, the court noted that the requirements in Civ.R.60(B) and R.C. 3105.18(E) are not the same; as a result, Civ.R. 60(B) could neither enlarge nor contravene R.C. 3105.18(E). *Id.* at ¶ 31-32.

{¶ 37} To the extent that Hall mentions modification, R.C. 3105.18(E) provides that "[a] trial court lacks jurisdiction to modify a prior order of spousal support unless the decree of the court expressly reserved jurisdiction to make the modification and unless the court finds (1) that a substantial change in circumstances has occurred and (2) that the change was not contemplated at the time of the original decree." *Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, 905 N.E.2d 172, at paragraph two of the syllabus. In characterizing the word "substantial," *Mandelbaum* noted that other courts had used terms like " 'drastic,' " " 'material,' " and " 'significant.' " (Citations omitted.) *Id.* at ¶ 32.

{¶ 38} In the case before us, the trial court's decision clearly indicates that the alleged change in circumstances did not qualify as substantial under any of the above definitions. The trial court focused on Hall's testimony, which indicated that Hall learned Lowe was living with Kendeigh when he drove by her home at different times of the day and saw Lowe's vehicles parked there. After noting this testimony, the court stressed that "Defendant acknowledged that he presented the same testimony at the May 8, 2014 hearing." January 23, 2017 Judgment Entry, Doc. #119, p. 3. The only conclusion that can be drawn from this statement is that the court found no change in circumstances.

{¶ 39} After making these remarks, the trial court emphasized that spousal support had been reduced in May 2014 because of the cohabitation, and that Hall had from May

2014 to August 2014 to discover further evidence. However, rather than doing so, Hall voluntarily entered into an agreement in August 2014 to pay $800 per month in support. Based on these facts, the court rejected Hall's motion.

{¶ 40} The record contains ample evidence to support the trial court's conclusions. At the Civ.R. 60(B) hearing, Hall testified that he was familiar with Lowe because Lowe began living with Kendeigh *about five or six months after Hall moved out of the marital residence in January 2013*. Transcript of October 11, 2016 Proceedings, p. 32. This would have been well in advance of the May 2014 hearing, and at least a year before the final decree was filed in September 2014. Hall also acknowledged that he had presented testimony at the May 2014 hearing about Kendeigh's living situation. *Id.* at pp. 43-44. In addition, Hall agreed that Kendeigh had testified at the May 2014 hearing that Lowe was spending five nights per week at her home. *Id.* at p. 42. In view of these facts, no substantial change of circumstances occurred after the divorce decree was filed.

{¶ 41} Hall also contends in his brief that when he agreed to settle the divorce action, he relied on a lease that was provided during discovery. According to Hall, he only learned after the fact that Lowe was also on the lease.

{¶ 42} Two leases were discussed by the parties and submitted in evidence at the Civ.R. 60(B) hearing. These leases were: (1) a March 2015 lease signed only by Kendeigh (Plaintiff's Ex. 1); and (2) a March 2015 lease that, on its face, appeared to have been signed by both Kendeigh and Lowe (Defense Ex. B).[3]

---

[3] We say "appeared" because Hall failed to present evidence that the signature on Ex. B actually belonged to Lowe. Lowe did not testify, and Kendeigh denied that Lowe had signed the lease. Kendeigh stated that she was the only renter to sign the lease; she also submitted her own copy, which was not signed by Lowe.

{¶ 43} Notably, the divorce agreement was read into the record during the August 2014 hearing, and the divorce decree was filed in September 2014. When Hall agreed to the matters contained in the divorce decree, he could not have relied on a lease that would not be signed until several months later. Hall's testimony at the hearing on his motion for relief from judgment also failed to mention reliance on a lease; indeed, Hall did not even testify about a lease. As a result, Hall's reliance argument is without merit.

{¶ 44} Accordingly, no substantial change in circumstances occurred that would allow modification of spousal support pursuant to R.C. 3105.18(E). Furthermore, under a Civ.R. 60(B) analysis, trial courts have sound discretion over motions for relief from judgment, and a court's ruling will not be reversed absent an abuse of discretion. (Citations omitted.) *Griffey v. Rajan*, 33 Ohio St. 3d 75, 77, 514 N.E.2d 1122 (1987). After review, we conclude that the trial court did not abuse its discretion in denying relief from judgment.

{¶ 45} Hall's motion was brought under Civ.R. 60(B)(2), (3), and (5), which allow for relief from judgment based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * or (5) any other reason justifying relief from the judgment." Civ. R. 60(B) motions must be filed within a reasonable time, and "for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."

{¶ 46} To the extent that Hall's motion relied on Civ.R. 60(B)(2) and (3), it was properly denied, because it was not filed within one year of the divorce judgment.

Specifically, the divorce judgment was filed on September 16, 2014, and Hall's motion for relief from judgment was filed on February 2, 2016, more than one year later.

**{¶ 47}** The only remaining ground is Civ.R. 60(B)(5), which allows relief based on "any other reason justifying relief from judgment." "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St. 3d 64, 448 N.E.2d 1365 (1983), paragraph one of the syllabus. Consequently, "a party cannot use Civ. R. 60(B)(5) to circumvent the one-year limitation by duplicating grounds that are subject to the limitation." (Citation omitted.) *Jackson v. Hendrickson*, 2d Dist. Montgomery No. 21921, 2008-Ohio-491, ¶ 51.

**{¶ 48}** Moreover, the Supreme Court of Ohio observed in *Morris,* in the context of a dissolution, that if parties reserve jurisdiction to modify, they may not seek relief under Civ.R. 60(B)(4) or (5); instead, they are limited to relief under Civ.R. 60(B)(1),(2), or (3). (Citations omitted.) *Morris*, 148 Ohio St.3d 138, 2016-Ohio-5002, 69 N.E.3d 664, at ¶ 63. Although this case involves a divorce rather than a dissolution, the same reasoning would apply, and the only analysis that could have occurred would have been under R.C. 3105.18. Again, that analysis shows no grounds for modification.

**{¶ 49}** Furthermore, even if this were otherwise, "Civil Rule 60(B)(5) is only to be used in an extraordinary and unusual case when the interests of justice warrants it." *Adomeit v. Baltimore*, 39 Ohio App. 2d 97, 105, 316 N.E.2d 469, 476 (8th Dist.1974). *Accord Beard v. Beard*, 2d Dist. No. 2012-CA-66, 2013-Ohio-3375, ¶ 14. The case before us presents no such circumstances.

{¶ 50} Hall's motion was clearly based on alleged fraud and newly discovered evidence, and he could not employ the catch-all provision in Civ.R. 60(B)(5) as a substitute. We noted in *Jackson* that fraud perpetrated on a court is grounds for relief from judgment under Civ.R.60(B)(5), but "fraud between parties is properly brought under Civ. R. 60(B)(3)." (Citation omitted.) *Jackson* at ¶ 53. The fraud, if any, in this case was between the parties, not fraud perpetrated on the court, because the court was aware in May 2014 that Kendeigh was cohabitating with Lowe and modified support accordingly. Thereafter, the parties entered into an agreement for support in the same amount as the modified support; the court's only involvement was to sign the judgment entry the parties submitted.

{¶ 51} As a final matter, for the reasons previously discussed, there was no fraud between the parties. More than a year before the divorce decree was filed, Hall was well aware that Kendeigh and Lowe were cohabitating. A hearing on this matter was held in May 2014, after which the trial court modified support based on cohabitation. And, as the trial court noted, Hall entered into an agreed settlement thereafter, knowing these facts.

{¶ 52} For the reasons mentioned, we find no abuse of discretion. Consequently, the court did not err in overruling Hall's motion for relief from judgment. Accordingly, Hall's Second Assignment of Error is overruled.


IV. Conclusion

{¶ 53} All of Hall's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, P.J. and TUCKER, J., concur.

Copies mailed to:

David P. Mesaros
Adam R. Mesaros
Marcy A. Vonderwell
Hon. Steven L. Hurley