[Cite as *Wuebben v. Wuebben*, 2018-Ohio-4768.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| JAMES J. WUEBBEN, JR. | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-62 |
| | : | |
| v. | : | Trial Court Case No. 2007-DM-53 |
| | : | |
| KRISTI A. WUEBBEN | : | (Domestic Relations Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of November, 2018.

. . . . . . . . . .

KEITH R. KEARNEY, Atty. Reg. No. 0003191, 2160 Kettering Tower, 40 N. Main Street, Dayton, Ohio 45423
        Attorney for Plaintiff-Appellee

LORI R. CICERO, Atty. Reg. No. 0079508, 500 E. Fifth Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DETERS, J.

**{¶ 1}** Defendant-appellant Kristi A. Wuebben, n.k.a. Kristi McCartney ("McCartney"), appeals the judgment of the Greene County Court of Common Pleas, Domestic Relations Division, which denied her Civ.R. 60(B)(5) motion to set aside a 2007 decree of dissolution.

**{¶ 2}** In three assignments of error, McCartney contends the trial court abused its discretion by denying her motion, when she had presented a meritorious claim for relief under Civ.R. 60(B)(5) and her motion had been brought within a reasonable time. After reviewing the record and the law, we conclude that McCartney's assigned errors lack merit, and we affirm the judgment of the trial court.

## I. Background

**{¶ 3}** McCartney and her ex-husband, plaintiff-appellee James J. Wuebben, Jr. ("Wuebben"), were married in April 1994. Three children were born during the marriage. In March 2007, they petitioned the court for the dissolution of their marriage. The petition referenced an August 30, 2006 separation agreement that had been prepared by Wuebben's attorney. (Doc. #1). McCartney, a licensed attorney, was unrepresented at the time the parties entered into the separation agreement. (June 21, 2017 Tr. p.12). McCartney waived her right to counsel in the separation agreement, and she remained unrepresented during the dissolution proceedings. (Doc. #1, #15, June 21, 2017 Tr. p. 12).

**{¶ 4}** In addition to the separation agreement, McCartney and Wuebben each filed

an affidavit of financial disclosure as required by Local Rule 2.3. (Docs. #3, #4). In his March 2007 affidavit of financial disclosure, Wuebben listed his income at $75,000 and his interest in a police and fireman pension at $130,000. (Doc. #4). In May 2007, the trial court held a hearing on the dissolution petition.

{¶ 5} In June 2007, the trial court granted McCartney and Wuebben a dissolution. (Doc. #15). The trial court incorporated the August 30, 2006 separation agreement into the decree of dissolution. Of significance here, the separation agreement provided that the parties waived their right to spousal support, that Wuebben would pay child support under the terms of the parties' final decree of shared parenting, and that the parties would retain any retirement benefits in their individual names. Paragraph 9(B) of the separation agreement expressly stated that Wuebben's retirement benefits included "the Deferred Compensation from the Beavercreek Police Department and the Police and Fireman Pension." (*Id.*).

{¶ 6} Wuebben and McCartney further acknowledged that: they had voluntarily entered into the separation agreement; they had made a full and complete disclosure to each other of their assets and liabilities; the agreement constituted the entire understanding between them; they had read the agreement and found it in accordance with their understanding; and they each had waived any claim or right to income or property received by the other after execution of the separation agreement. (*Id.*).

{¶ 7} On September 22, 2016, McCartney filed a Civ.R. 60(B)(5) motion, alleging that Wuebben had perpetrated a fraud on the court due to his nondisclosure and false disclosure of income and assets at the time of the dissolution. (Doc. #77). Specifically, McCartney noted that the only retirement asset listed in Wuebben's March 2007 affidavit

of financial disclosure was his Ohio police and fire pension with a stated value of $130,000. McCartney claimed that, pursuant to information she had obtained in connection with post-decree litigation, namely Wuebben's September 24, 2015 motion to modify child support, she had learned that Wuebben, in addition to his Ohio police and fire pension account, also owned an Ohio Deferred Compensation 457 account with a balance of more than $371,000 that had been established in March 2015 and funded by a rollover from his original deferred compensation account with VOYA; a second Ohio Deferred Compensation 457 account with a balance of more than $39,000 established in October 2015 with no known source of funds; and a Deferred Retirement Option Plan (DROP) account with more than $600,000 from which he had received a payout of nearly $83,000 from the City of Beavercreek for unused sick leave. (Doc. #77, p. 5). Additionally, she claimed that payroll records dating back to 2004, which she had obtained in discovery related to Wuebben's 2015 child support motion, showed that Wuebben had underreported his income for 2007, and thus, she had not been given accurate information to make an informed decision to waive spousal support. (*Id.*).

{¶ 8} Wuebben filed a motion to dismiss McCartney's Civ.R. 60(B)(5) motion, which the trial court denied. (Docs. #79 and #88). At a hearing on McCartney's Civ.R. 60(B)(5) motion, the trial court entertained argument from the parties and heard testimony from McCartney and Wuebben. McCartney testified that she had been unrepresented at the time the parties had negotiated the separation agreement, and that she had been unable to obtain information regarding Wuebben's retirement assets because he had removed all the documents concerning his assets from the marital home and had concealed them from her during the dissolution proceedings. (June 21, 2017 Tr. p. 12

and 42). She testified that despite repeated requests, Wuebben and his counsel had failed to provide her any documentation of his assets. (*Id.* p. 42, 67-68). McCartney further testified that Wuebben's 2007 affidavit of financial disclosure had not listed his interest in the deferred compensation account, and thus, she had been unaware that the account had existed at the time of their dissolution. She testified that despite the word "and" being employed in provision 9(B) of the parties' separation agreement, she believed that Wuebben had only one Ohio police and fire retirement account, which he had listed in his 2007 affidavit.

{¶ 9} According to McCartney, she first discovered that Wuebben had a deferred compensation account following discovery related to his September 2015 motion to modify child support. (*Id.* p. 44-45). McCartney acknowledged that she had voluntarily chosen to proceed with the dissolution without the assistance of counsel and without the requested financial documentation. (*Id.* p. 68-69).

{¶ 10} McCartney additionally testified that Wuebben had misrepresented his income and the value of his police and fire pension at the time of the dissolution. (*Id.* p. 58-62, 65-67). The trial court, however, sustained Wuebben's objection to McCartney's testimony on the basis that McCartney's allegations, if true, fell within Civ.R. 60(B)(3) and not Civ.R. 60(B)(5), and were untimely. McCartney's attorney then proffered testimony and exhibits concerning those issues. (*Id.* p. 78-83).

{¶ 11} Wuebben testified that he had listed his interest in the Ohio police and fire pension fund at $130,000 in his 2007 affidavit of financial disclosure and that the affidavit had included all his retirement accounts, because he believed that his deferred compensation had been administered by the same entity that had handled his Ohio police

and fire pension. (*Id.* p. 75-76). Wuebben's counsel argued that, even if Wuebben had omitted his interest in the deferred compensation account in the 2007 affidavit, he had expressly listed the account in the parties' separation agreement, and the separation agreement had awarded him the account free and clear of any interest by McCartney. Wuebben's counsel argued that once Wuebben's interest in the deferred compensation account had been disclosed to her, McCartney had a duty to ask questions or request more information regarding the account, yet she had waived counsel and proceeded with the dissolution in the absence of further documentation.

{¶ 12} The trial court overruled McCartney's Civ.R. 60(B)(5) motion. (Doc. #97). It concluded that McCartney had failed to present a meritorious claim of fraud because she had voluntarily entered into the separation agreement, which had listed Wuebben's interest in the deferred compensation account without any account number or monetary value, and had awarded it to him free of any interest by her. The trial court further determined that once Wuebben had disclosed his income, pension, and deferred compensation account, McCartney had had a duty to ascertain their value, and that she had voluntarily signed the separation agreement without doing so.   Additionally, the trial court determined that McCartney's motion, brought nine years after the decree of dissolution, had in essence alleged a fraud claim against Wuebben, which implicated Civ.R. 60(B)(3) and not Civ.R. 60(B)(5), and that her motion had not been brought within the one-year time limit for claims under Civ.R. 60(B)(3). Alternatively, the court concluded that, if she had stated a claim under Civ.R. 60(B)(5), her motion had not been brought within a reasonable period of time. (*Id.*).

**II. Analysis**

{¶ 13} In three assignments of error, McCartney challenges the trial court's decision denying her Civ.R. 60(B)(5) motion. She contends the trial court erred by concluding that she had failed to present a meritorious claim, that her motion had alleged fraud within the scope of Civ.R. 60(B)(3) instead of Civ.R. 60(B)(5), and that her motion had not been timely brought.

{¶ 14} Civ.R. 60(B) provides in pertinent part:

Upon motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * or (5) any other reason justifying relief from judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

{¶ 15} To prevail on her Civ.R. 60(B) motion, McCartney must demonstrate that (1) she has a meritorious defense or claim to present if relief is granted; (2) she is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. If any one of the three requirements is not met, the party cannot prevail. *Id*. at 151; *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994).

{¶ 16} We review the trial court's decision on a Civ.R. 60(B) motion under an

abuse-of-discretion standard. *Harold J. Pohl, Inc. v. Cotterman*, 2d Dist. Darke No. 2018-CA-1, 2018-Ohio-2660, ¶ 12, citing *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). An abuse of discretion implies that the trial court's decision "is unreasonable, arbitrary, or unconscionable." *Jackson v. Hendrickson*, 2d Dist. Montgomery No. 21921, 2008-Ohio-491, ¶ 52, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 17} McCartney moved for relief from judgment pursuant to Civ.R. 60(B)(5). A court may grant relief under Civ.R. 60(B)(5), the so-called "catch-all" provision, only in those extraordinary and unusual cases where the moving party demonstrates substantial grounds warranting relief from judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B). *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), paragraph one of the syllabus; *Hall v. Hall*, 2d Dist. Greene No. 2017-CA-12, 2017-Ohio-7932, ¶ 47; *Jackson* at ¶ 51.

{¶ 18} In her appellate brief, McCartney argues that Wuebben's filing of an incomplete and misleading 2007 affidavit of financial disclosure constituted a fraud upon the court and/or a violation of the mutuality or consent underlying the dissolution proceedings, thus rendering their decree of dissolution voidable under Civ.R. 60(B)(5).

{¶ 19} "Dissolution is a creature of statute that is based upon the parties' mutual consent." *In re Whitman*, 81 Ohio St.3d 239, 241, 690 N.E.2d 535 (1989). An integral part of the dissolution proceeding is the separation agreement agreed to by both spouses. *Id.*, citing R.C. 3105.63(A)(1). The separation agreement, a binding contract between the parties, must provide for a division of all property. *Id.* at 241. Thus, Ohio courts have held that "if consent or mutuality did not exist when the parties entered into the separation

agreement because of fraud or mutual mistake or misrepresentation, then there was no agreement upon which the decree of dissolution could have been based. This lack of mutuality undermines the integrity of the dissolution proceeding and may constitute grounds to set aside the decree under Civ.R. 60(B)." *Id.* at 241; *see Seitz v. Seitz*, 2d Dist. Greene No. 91CA67, 1992 WL 171273, *3 (July 23,1992) (affirming a trial court's judgment granting relief from a divorce decree pursuant to Civ.R. 60(B)(5) where one party had failed to disclose two retirement assets in a settlement offer, financial statement, and the divorce decree); *In re Wood*, 10th Dist. Franklin No. 98AP-1061, 1999 WL 430710, *12 (June 29, 1999) (holding that a separation agreement that does not fully disclose property owned by the parties is defective under the statute and can constitute a fraud upon the court if submitted for the court's approval as a full and fair division of property); *compare Roubanes Luke v. Roubanes*, 10th Dist. Franklin No. 16AP66, 2018-Ohio-1065, ¶ 23-38 (defining fraud on the court narrowly and holding that a party's failure to disclose a marital asset can constitute a Civ.R. 60(B)(5) ground independent from the fraud-upon-the-court basis for relief).

{¶ 20} Here, however, McCartney has not presented any meritorious claim of fraud or lack of mutuality or consent that would render the June 2007 decree of dissolution voidable based on the omission of a substantial asset. Although Wuebben did not disclose the deferred compensation account in his 2007 affidavit of financial disclosure, he did expressly disclose it in the parties' August 30, 2006 separation agreement. Section 9(B) of the parties' separation agreement provided that "Husband shall retain, free and clear of any claim of the Wife, any retirement benefits in his name, including the Deferred Compensation from the Beavercreek Police Department and the Police and

Fireman Pension." The August 30, 2006 separation agreement was then incorporated into the parties' July 2007 decree of dissolution without any modifications.

{¶ 21} During the June 21, 2017 hearing on her Civ.R. 60(B) motion, McCartney, a licensed attorney, admitted that she had read the terms of the separation agreement and that she had voluntarily signed it without the assistance of counsel, despite her allegations that Wuebben had removed verifying documentation from the marital residence during the negotiation of the separation agreement and that he and his counsel had failed to provide her with copies of the verifying documentation during the dissolution proceedings.

{¶ 22} Because Wuebben's interest in the Ohio Deferred Compensation account that existed at the time of the parties' dissolution was disclosed to McCartney and addressed in the separation agreement, the trial court did not abuse its discretion in denying her motion for relief under Civ.R. 60(B)(5). The trial court properly determined that McCartney had failed to establish a meritorious claim for relief. *See In re McLoughlin v. McLoughlin*, 10th Dist. Franklin No. 05AP-621, 2006-Ohio-1530, ¶ 29-38 (holding that relief may be granted from a decree of dissolution pursuant to Civ.R. 60(B)(5) where there is an omission of assets in both the financial affidavit and the separation agreement, which vitiates the concept of mutuality underlying dissolution proceedings).

{¶ 23} McCartney additionally alleged that Wuebben had committed a fraud on the court because he had misrepresented the amount of his income and the value of his police and fire pension in the 2007 affidavit of financial disclosure. Any alleged discrepancy as to Wuebben's income and the value of the police and fireman's pension could have been discovered by McCartney, as she had knowledge of the accounts and

Wuebben's employment at the time of the dissolution. *See Fallang v. Becker,* 12th Dist. Butler No. CA2007-11-303, 2008-Ohio-4429, ¶ 8-9 (holding that wife could not rely on her own failure to determine the value of known assets as a meritorious claim or defense under Civ.R. 60(B)); *Lenzer v. Lenzer*, 9th Dist. Lorain No. 93CA005541, 1993 WL 468271, *1-4 (Nov. 3, 1993) (holding that husband's claim that the value of certain assets and debts differed from his wife's representation did not qualify as a meritorious defense or claim where the husband had personal knowledge of the assets and debts, but took no action to ascertain their value).

**{¶ 24}** Thus, we agree with the trial court that any false representation by Wuebben as to the value of those assets and his income would have constituted a fraud on McCartney that could have been addressed through the dissolution process or corrected post-judgment through the application of Civ.R. 60(B)(3). *See Hall*, 2d Dist. Greene No. 2017-CA-12, 2017-Ohio-7932, at ¶ 50; *Jackson*, 2d Dist. Montgomery No. 21921, 2008-Ohio-491, at ¶ 49-54; *Hash (Krumm) v. Hash*, 2d Dist. Montgomery No. 16855, 1998 WL 211893, *4-5 (May 1, 1998). Thus, the trial court properly concluded that any claim by McCartney as to the value of the pension and/or Wuebben's 2007 income should have been brought under Civ.R. 60(B)(3) within one year of the entry of the decree of dissolution.

**{¶ 25}** Finally, McCartney challenges the trial court's ruling that her motion was not timely made. She argues that she did not discover that Wuebben had a deferred compensation account and that there were discrepancies in the values of his income and assets reported in his 2007 affidavit of financial disclosure until she had obtained discovery in connection with Wuebben's September 2015 motion to modify child support;

thus, her motion had been timely brought following this discovery.

{¶ 26} To the extent that McCartney's motion alleged that Wuebben had committed a fraud under Civ.R. 60(B)(3), it was brought well outside the one-year time period for relief under that provision. *See Hash* at *5; *Kell v. Verderber*, 1st Dist. Hamilton No. C-120665, 2013-Ohio-4223, ¶ 43 (refusing to apply a discovery rule to the one-year deadline in Civ.R. 60(B)(3)); *see also Strack*, 70 Ohio St.3d at 175, 637 N.E.2d 914 (holding husband's filing of a Civ.R. 60(B) motion shortly after he received the results of genetic testing, which was nine years after the decree of divorce, was not legally relevant because the time limits in Civ.R. 60(B) refer to the judgment from which relief is sought and not the time from which the new evidence is discovered).

{¶ 27} Although a motion filed pursuant to Civ.R. 60(B)(5) is not subject to the one-year limitation in Civ.R. 60(B)(3), it must be filed within a reasonable time. *GTE Automatic*, 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. Ohio appellate courts have held that "what constitutes a reasonable time is dependent upon the facts and circumstances in any particular case." *Waszak v. Waszak*, 8th Dist. Cuyahoga No. 101462, 2015-Ohio-2262, ¶ 13, quoting *Simmons v. Simmons*, 8th Dist. Cuyahoga No. 97975, 2012-Ohio-4164, ¶ 8. Here, the trial court found that McCartney's nine-year delay in filing the motion did not constitute a reasonable time after the final decree of dissolution had been entered, particularly where McCartney argued about income and assets that Wuebben had expressly disclosed to her during the dissolution proceedings. Based on our review of the record, we cannot conclude the trial court abused its discretion by finding the motion untimely.

{¶ 28} After reviewing the record in this case and the law, we cannot conclude the

trial court abused its discretion by overruling McCartney's motion for relief from judgment pursuant to Civ.R. 60(B)(5).   We, therefore, overrule McCartney's three assignments of error and affirm the judgment of the trial court.

. . . . . . . . . . . . .

ZAYAS, P.J., and MILLER, J., concur.


Copies mailed to:

Keith Kearney
Amy Blair
Lori Cicero
Hon. Steven L. Hurley